UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT SCAFFOLD, INC., et al., <br><br> Defendants. | CASE NO. 12-1252-RSM <br><br> ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Fed. R. Civ. P. 13(a) and 17(a) motion to dismiss Plaintiffs' state lien claim and federal claims respectively. Dkt. # 7. Plaintiffs have also filed a Fed. R. Civ. P. 56 motion for summary judgment on the lien. Dkt. # 17. For the reasons set forth below, Defendants' Rule 13(a) motion is GRANTED, Defendants' Rule 17(a) motion is DENIED, and Plaintiffs' Rule 56 motion is DENIED.

## II. BACKGROUND

In July 2010, the University of Washington ("UW") entered into a contract with W.G. Clark to construct a UW Student Housing Project (the "Project"). W.G. Clark obtained a

ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

payment bond from Safeco Insurance Company of America ("Safeco") as required by Washington law.  In April 2011, W.G. Clark entered into a subcontract with Paramount Scaffold, Inc. ("Paramount") for scaffolding work on the Project.  Paramount then entered into a collective bargaining agreement with the Pacific Northwest Regional Council of Carpenters (the "Union") to provide laborers for its job sites, including the Project.  As part of the labor agreement, Paramount agreed to provide monthly reports and pay fringe benefit contributions to five trust fund beneficiaries (collectively, the "Trusts").

In June 2012, the Trusts issued a notice of claim on lien for unpaid fringe benefit contributions and served the lien on W.G. Clark, UW, Safeco and Paramount (collectively, the "Defendants").  On July 2, 2012, W.G. Clark filed for a declaratory judgment against the Union and Paramount in King County Superior Court.  It later renamed the Trusts as defendants in the action, seeking to prevent foreclosure on the payment bond and lien pursuant to RCW § 39.08 and § 60.28.[1]  On July 20, 2012, the Trusts filed the instant action in this Court to foreclose on the lien and seek monetary damages against the Defendants.  On October 12, 2012, the Superior Court issued a summary judgment order in favor of W.G. Clark and dismissed the case.  The Trusts appealed the decision and the matter is pending direct review by the Washington Supreme Court.

Pursuant to Rule 13(a), Defendants move to dismiss the Trusts' lien foreclosure claim under RCW § 39.08 and § 60.28, arguing it is barred as a compulsory counterclaim from the Superior Court action.  Additionally, Defendants argue that the complaint is defective, because the Trusts are not real parties in interest as defined in Rule 17(a).  The Trusts oppose the motion

---

[1] RCW § 39.08 requires contractors to retain a payment bond on public works projects while RCW § 60.28 governs the retainage and foreclosure actions on liens.

ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 2

as a misapplication of the Rules, arguing that they are proper parties under the Labor Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA") claims. The Trusts also argue that the compulsory counterclaim rule is inapposite, as the federal court is the appropriate forum to rule on the lien claim. They rely on the Court's precedent of invoking supplemental jurisdiction through ERISA, which allowed similar plaintiffs to recover unpaid contributions under the statute. In turn, the Trusts move for summary judgment to foreclose on the payment bond under RCW § 39.08 and the lien under RCW § 60.28.

### III. DISCUSSION

**A. Defendants' Motion to Dismiss**

**I. State Lien Claim**

*a. Compulsory Counterclaim*

Pursuant to Rule 13(a), a compulsory counterclaim must be asserted if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). A defendant in a prior litigation who fails to bring a compulsory counterclaim cannot bring a second action asserting the counterclaim as an affirmative claim for relief. *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010); *see Local Union No. 11 v. G.P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim. . . [it] is precluded by res judicata from ever suing upon it again."). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to state court judgments as the state courts would. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986). Thus, whether a plaintiff's claims are barred as compulsory counterclaims from the prior state action is a matter of state law. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). Washington's

compulsory counterclaim rule is nearly identical to Rule 13(a) and is construed broadly to "avoid a multiplicity of suits." *Schoeman v. New York Life Ins. Co.*, 106 Wash.2d 855, 864 (1986).

The Trusts do not dispute that their lien claim is a compulsory counterclaim. It is clear that both the state and federal claims are identical and arise from the same operative facts. Instead, the Trusts allege that the compulsory counterclaim rule does not apply since the Trusts were not named as defendants in the state action until *after* the federal action commenced. Dkt. # 14, p. 16. The argument fails because an amendment changing a party "relates back" to the original date of the pleading if the claim "arose out of the conduct, transaction, or occurrence set forth" and (1) the party is not prejudiced in maintaining [its] defense on the merits and (2) the party should have known that but for a mistake concerning the identity of the proper party, action would have been brought against it. CR 15(c). The Trusts offer no argument as to why W.G. Clark's amendment should not relate back to the original pleading date, which was commenced before the federal action. Second, the Trusts argue that they could not legally bring their claims as counterclaims in the state action, as they are exclusively federal. Dkt. # 14, p. 16. The argument fails because it blurs the distinction between the Trusts' lien claim, which is a state law issue, and the federal claims arising under LMRA and ERISA. Adjudication of only the lien claim in state court does not require the Trusts to bring their federal claims as counterclaims. Third, the Trusts maintain that bringing their lien claim as a compulsory counterclaim in the state action would have likely resulted in Rule 11 sanctions for bringing a claim that is "not allowed by Washington state precedent in state court." Dkt. # 14, pp. 16-17. This is an incorrect assertion. While it is true that the Trusts are certain to receive an adverse ruling in state court, there is no authority to suggest that they are legally prohibited from bringing their lien claim there. Finally, the Trusts contend that the compulsory counterclaim argument is now moot since

1   the Superior Court has dismissed its case. Dkt. # 45, p. 4. To the contrary, the compulsory

2   counterclaim rule applies to final judgments, precluding the Trusts from re-litigating the lien

3   claim in another forum.

4         Likewise, res judicata ensures the finality of judgments, in that a final judgment on the

5   merits bars the parties from re-litigating claims that could have been raised in that action. *Mellor*

6   *v. Chamberlin*, 100 Wash.2d 643, 645 (1983). The Superior Court's summary judgment order is

7   equivalent to a final judgment on the merits and a valid basis for applying res judicata. *See*

8   *Vanderpol v. Swinger*, No. 12-0773, 2012 WL 6590864, at *3 (W.D. Wash. Dec. 17, 2012)

9   (citing *Ensley v. Pitcher*, 152 Wash.App. 891, 899 (2009)). Res judicata applies when a prior

10  judgment has a concurrence of identity in four respects: (1) subject matter, (2) cause of action,

11  (3), persons and parties, and (4) the quality of the persons for or against whom the claim is made.

12  *Id.* It operates similarly to an unasserted compulsory counterclaim, preventing a party from

13  asserting an adjudicated claim in a separate action. *See Krikava v. Webber*, 43 Wash.App. 217,

14  219 (1986) (citing *Moritzky v. Heberlein*, 40 Wash.App. 181 (1985)). Res judicata applies in this

15  case, because the mirroring state and federal lien actions are nearly identical in regards to the

16  four factors. Central to the state action was a judgment on the payment bond and lien pursuant to

17  RCW § 39.08 and § 60.28, which is the same determination the Trusts seek here. W.G. Clark

18  was the only named plaintiff in the first action, however the judgment carries over to the rest of

19  the Defendants who are named as parties in interest to the payment bond and lien. Thus, res

20  judicata bars the Trusts from asserting the lien claim here.

21        Nonetheless, the Trusts point to the language of the Superior Court's summary judgment

22  order, which emphasizes that the ruling is based on "Washington state law in state court" and

23  that the case is dismissed "without prejudice for the plaintiffs to pursue whatever claims they

24

ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 5

1  may have in federal court." Dkt. # 40-1, p. 6.  The ruling acknowledges the state and federal

2  court's conflicting application of ERISA preemption, which is central in determining whether the

3  Trusts can seek contributions on the payment bond and lien pursuant to RCW § 39.08 and §

4  60.28.  The Trusts contend that the Superior Court tacitly acknowledged that the Trusts may still

5  pursue the lien claim in federal court and deliberately fashioned its order to reflect this, despite

6  the finality of its own judgment.  Dkt. # 45, p. 4.  The assertion is speculative at best, but even if

7  it were the Superior Court's intent, the summary judgment and dismissal was a final

8  determination based on the applicable state precedent it was bound to uphold.  The Trusts offer

9  no legal basis for an exception otherwise.  This Court is obligated to award full faith and credit to

10  the state judgment as a state court would, and apply the compulsory counterclaim rule in the

11  manner it is intended, preventing duplicative litigation on the same claim.  Based on the

12  complexities of the ERISA preemption issue, however, the topic is further discussed below.

13  *b. ERISA Preemption*

14        According to the Washington Supreme Court, ERISA preempts Washington's public

15  works statutes RCW § 39.08 and § 60.28.  *Int'l Brotherhood of Elec. Workers v. Trig Electric*

16  *Constr. Co.*, 142 Wn.2d 431, 443 (2000), *cert. denied*, 532 U.S. 1002 (2001).  In effect, a

17  plaintiff is preempted from foreclosing on a retainage lien and is barred from seeking delinquent

18  contributions on the bond in state court.  Following Ninth Circuit precedent, however, this Court

19  conversely found that ERISA does not preempt statutes like RCW § 39.08.  *Ironworkers Dist.*

20  *Council of Pac. Nw. v. George Sollit Corp.*, No. 01-1668, 2002 WL 3154972, at *5 (W.D. Wash.

21  Sep. 4, 2002).  The Court further specified that since ERISA does not preempt, there is recourse

22  as a matter of law in federal court to collect on a state lien claim supplemental to an ERISA suit.

23  *Bd. of Trustees of Cement Masons & Plasterers Health and Welfare Trust v. GBC Nw., L.L.C.*,

24

1  No. 06-1715, 2007 WL 1306545, at *2 (W.D. Wash. May 3, 2007).  The conflicting state and
2  federal precedents result in a quandary:  the Trusts cannot foreclose on the lien in state court, but
3  can do so in federal court.
4      It is clear that the Court has jurisdiction over the Trusts' lien claim, which is
5  supplemental to the ERISA action.  However, this authority is not absolute as the Trusts might
6  suggest.  This case is factually distinguished from previous situations, because a parallel state
7  proceeding came to judgment on the same claim first.  In prior cases, there were no respective
8  state court judgments, so no compulsory counterclaim and res judicata defenses were alleged.
9  *Cf. Carpenters Ret. Trust of W. Wash. v. Healthy Homes Nw. L.L.C.*, No. 08-0289, 2008 WL
10 2230754 (W.D. Wash. May 29, 2008) (granting summary judgment on the payment bond in
11 favor of plaintiff trusts where the parties instituted only the federal action), *Sollit*, 2002 WL
12 3154972 (denying the defendants' motion to dismiss the union trustees' lien claim where the
13 parties only instituted the federal action).   In one similar circumstance, the Court exercised
14 jurisdiction over a pending state declaratory judgment action.  *GBC*, 2007 WL 1306545, at *3
15 (granting summary judgment in favor of the union trustee plaintiffs to enforce the lien).   In that
16 situation, the Court was entitled to adjudicate the lien claim since the state court had yet to issue
17 a judgment.[2]  Here, the Trusts relied on the prior line of cases to rightfully assert the Court's
18 jurisdiction on the matter, but failed to properly address the compulsory counterclaim argument.
19      The situation is unfortunate, because diverging results in state and federal court
20 inevitably perpetuate the practice of forum shopping.  As in the present case, Defendants
21 acknowledge they filed a "preemptive declaratory judgment action" (Dkt. # 22, p. 5) in Superior
22 ─────────────────
23     [2] A federal court may in its discretion dismiss its case due to a pending state proceeding
   only in exceptional circumstances warranted by the "clearest of justifications." *Colorado River*
24 *Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).

ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 7

Court in order to receive a favorable ruling. Such action constitutes blatant forum shopping, which is highly discouraged. *Sollit*, 2002 WL 3154972, at *3. With this particular issue, the Court is cognizant that the parties have no choice but to seek relief in the forum that is favorable to its case. Despite the Court's compelling interest in the correct application of ERISA preemption on this issue, it is constrained by the Superior Court's summary judgment order and must award full faith and credit to the Defendants' compulsory counterclaim argument as a state court would. Thus, the Court has no choice but to GRANT the Defendants' motion to dismiss the Trusts' claim on the lien under RCW § 39.08 and § 60.28. The claim is dismissed with prejudice as it is barred by the application of Rule 13(a) and res judicata.

**II. Federal Claims**

a.     *Subject Matter Jurisdiction*

This Court has subject matter jurisdiction over the Trusts' LMRA and ERISA claims against Defendants. 29 U.S.C. §§ 185(c), 1132(a)(1)(B), (g)(2).

b.     *Parties in Interest*

Pursuant to Rule 17(a), Defendants argue that only a trustee may properly bring suit in this action, therefore the Trusts are not real parties in interest. Dkt. # 7, p. 14. Rule 17(a) provides that a trustee of an express trust may sue in its own name without joining the person for whose benefit the action is brought. Fed. R. Civ. P. 17(a)(1)(E). Alternatively, under LMRA § 301, trust funds constitute ERISA plans which may sue in their individual capacities. *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983-84 (9th Cir. 1999). The provision extends to "suits for violation of contracts between an employer and labor organization representing employees in an industry affecting interstate commerce. . ." 29 U.S.C. § 185(a). This section does not limit the parties who may bring suit so long as the object of the suit is an enforcement of rights

| | |
|---|---|
| 1 | guaranteed by an agreement between an employer and labor organization.  *See Associated* |
| 2 | *Builders & Contractors, Inc. v. Local 302 IBEW*, 109 F.3d 1353, 1357 n.6 (9th Cir. 1997). |
| 3 | Further, this grant of jurisdiction covers actions to recover fringe benefits from collective |
| 4 | bargaining agreements.  *See, e.g., Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte* |
| 5 | *Clean-Up Serv., Inc.*, 736 F.2d 516, 518 (9th Cir. 1984).  The Trusts correctly identify |
| 6 | themselves as ERISA plans under LMRA, seeking to recover fringe benefits stemming from the |
| 7 | Union's collective bargaining agreements.  Dkt. # 14, p. 17.  Thus, the Trusts are proper parties |
| 8 | in this suit and Defendants' Rule 17(a) motion to dismiss the Trusts' ERISA and LMRA claims |
| 9 | is DENIED. |

**B.  The Trusts' Motion for Summary Judgment**

As discussed above, the Court dismisses the Trusts' lien claim, thereby rendering its Rule 56 motion for summary judgment as moot.  Accordingly, the Trusts' motion is DENIED.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Rule 13(a) motion to dismiss (Dkt. # 7) is GRANTED.  Plaintiffs' claim to foreclose on the lien is thereby dismissed with prejudice.

(2) Defendants' Rule 17(a) motion to dismiss (Dkt. # 7) is DENIED.  Plaintiffs' may pursue their remaining LMRA and ERISA claims.

(3) Plaintiffs' Rule 56 motion for summary judgment on the lien claim (Dkt. #17) is now moot and the motion is DENIED.

//

//

1   (4)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

2       of record.

3   Dated this 31st day of January 2013.

                                       _____
                                       RICARDO S. MARTINEZ
                                       UNITED STATES DISTRICT JUDGE