UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT SCAFFOLD, INC., et al.,<br><br>Defendants. | CASE NO. C12-1252-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration. Dkt. # 51. Motions for reconsideration are disfavored and will be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct Defendants to respond, and DENIES Plaintiffs' motion.

Plaintiffs (the "Trusts") seek the Court's reconsideration of its January 31, 2013 Order, which dismissed the Trusts' claim to foreclose on a payment bond and retainage lien pursuant to

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

RCW § 39.08 and RCW§ 60.28. Dkt. # 48. The Order was based on the determination that the King County Superior Court's prior summary judgment ruling against the Trusts precluded them from pursuing their state law lien claims in this Court.[1] The Trusts contend there are errors of law in the Court's reasoning and alternatively request that the Court issue a stay pending the appeal of the Superior Court's judgment to the Washington Supreme Court. *See* Dkt. # 54.

Previously, the Court found that the compulsory counterclaim rule barred the Trusts from re-litigating its claim in federal court once the Superior Court ruled that the Trusts could not bring a claim on the lien by applicable state precedent. Rule 13(a) precludes a party from asserting a claim in a separate suit that "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The rule does not require that a party actually raise a compulsory counterclaim argument in the first action; it is simply aimed to preclude relitigation of such claims in a successive action. *See Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010). Whether a claim is a compulsory counterclaim that should have been raised in a prior state action is a question of state law. *Springs v. First Nat'l Bank of Cut Bank*, 835 F.2d 1293, 1295 (9th Cir. 1988). Washington's compulsory counterclaim rule mirrors Rule 13(a) and is broadly defined to prevent a multiplicity of suits. *See Schoeman v. New York Life Ins. Co.*, 106 Wash.2d 855,864 (1986). The Trusts did not dispute that the subject of the federal action arose from the same facts and circumstances of state action. Rather, they argued that the proper application of ERISA, a

---

[1] W.G. Clark, one of the defendants in this federal action, brought a motion for summary judgment against the Trusts seeking a declaration "that Clark and its surety bear no state law liability to [the Trusts] for payment of benefits, contributions. . . because such claims are 'preempted by ERISA' and therefore invalid" (Dkt. # 40, p. 4) pursuant to the Washington Supreme Court's controlling precedent established in *Int'l Brotherhood of Elec. Workers v. Trig Electric Constr. Co.*, 142 Wn.2d 431 (2000), *cert. denied*, 532 U.S. 1002 (2001). The Superior Court granted the motion and dismissed the case without prejudice.

federal doctrine, "overrides any procedural consideration that may exist." Dkt. # 47, p. 4. Thus the arguments presented in this motion are primarily re-argument of assertions presented earlier, but the Court shall address the specific points below.

The Trusts allege the Court erred on the application of res judicata. Res judicata concerns the preclusive effect of final judgments, including relitigation of claims and issues that were litigated or might have been litigated in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wash.2d 759, 763 (Wash. 1995). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give the same preclusive effect to state court judgments as the state court would. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986). The doctrine applies in full to state declaratory judgments, requiring the federal court to exercise res judicata according to state law. *See Miller v. Wright*, 705 F.3d 919, 928 (9th Cir. 2013) (upholding the district court's conclusion that res judicata applies to a state court's declaratory judgment); *see also Feminist Women's Health Center v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995). Under Washington law, res judicata applies when a prior judgment has a concurrence of identity in four respects: (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Ensley v. Pitcher*, 152 Wash.App. 891, 899 (2009).

The Trusts do not dispute that the requirements of the first, third and fourth prongs are met, focusing on the second prong as the basis for reconsideration.[2] There is no single test for determining whether two causes of action are the same, but Washington courts have considered the following: "(1) prosecution of the later action would impair the rights established in the

---

[2] The Trusts did not raise the specific issues to Defendants' res judicata argument in its supplemental briefs. *See* Dkt. # 45 and 47. Thus, the Court need not consider all of the arguments presented here. *Northwest Acceptance Corp. v. Lynnwood Equip.*, 841 F.2d 918, 925-26 (9th Cir. 1988) (finding that a district court retains discretion to refuse to address issues raised for the first time in a motion for reconsideration).

1 earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the
2 same right is alleged in both actions, and (4) the actions arise out of the same nucleous of facts."
3 *Civil Service Com'n v. City of Kelso*, 137 Wash.2d 166, 171, 969 P.2d 474 (1999). Washington
4 courts have applied the above criteria in a number of ways, and "[i]t is not necessary that all four
5 factors favor preclusion to bar the claim." *Codispoti*, 63 F.3d at 867 (citing *Claim and Issue
6 Preclusion in Civil Litigation in Washington*, Philip A. Trautman, 60 Wash.L.Rev. 805, 816
7 (1985)). The Trusts argue that: (1) the Superior Court judgment only establishes that the Trusts
8 could not assert their claims in state court, (2) the state claim was legal in nature whereas the
9 federal action was fact-based, and (3) the two actions did not involve infringement of the same
10 right under the plain language of RCW § 39.08 and 60.28 since relief in state court was sought
11 under RCW § 7.24. The Trusts only addressed the first argument with respect to Defendants'
12 motion to dismiss, however all the points will be discussed below.

13 First, the Court disagrees with the Trusts' characterization that the Superior Court
14 judgment's preclusive effect has no effect in federal court. In *Trig*, the Washington Supreme
15 Court affirmed the proposition that RCW § 39.08 and 60.28 manifests a "substantive invasion
16 into the field ERISA occupies," 142 Wash.2d at 440, thereby rendering claims for contributions
17 under Washington public works statutes as preempted by ERISA. Conversely, the Ninth
18 Circuit's position is that such statutes are not preempted by ERISA. The Superior Court
19 acknowledged the diverging state and federal authority regarding ERISA preemption in this
20 context to distinguish its ruling as "Washington state law in state court" (Dkt. # 40, p. 6) and
21 dismissed the case without prejudice for the Trusts to pursue viable claims in federal court.
22 However, despite the words "without prejudice," a declaratory judgment is equivalent to a final
23 decision on the merits and its preclusive effect is only limited by the scope of the matters
24

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 4

declared, in other words the parties' interests with respect to the lien, regardless of its nature or form. *See*, *e.g.*, *Garrett v. City of Seattle*, No. 10-0094 MJP, 2010 WL 4236946, at *7 (W.D. Wash. Oct 20, 2010) (dismissing a claim on res judicata grounds even though the state judge wrote, "this Order does not affect any rights plaintiff may have, if any, to pursue these claims in existing federal cases."). As is the circumstance here, federal courts "must give preclusive effect to state court judgments when the state courts would do so." *Id.* Second, because the two actions concern the Trusts' claim for contributions on the lien arising from the same facts, the fact that the Superior Court reached a decision as a matter of law has little effect to the overall consideration. Third, the fact that the state action was a declaratory judgment action pursuant to RCW § 7.24 is inapposite because the Superior Court reviewed whether the Trusts could bring claims to the lien under RCW § 39.08 and 60.28 according to substantive state law. The determination of such has direct bearing on the Trusts' ability to pursue its claims on the merits of RCW § 39.08 and 60.28, given the preclusive effect of the judgment, taken as a whole.

      The Court is cognizant that the practical and unfortunate effect of the outcome denies the Trusts a forum to seek contributions on the lien in this Court. However, the issue here is not the proper application of ERISA preemption, but whether the Court erred in the application of res judicata based on the issues raised by the parties. As previously noted the Trusts did not raise the potential arguments, exceptions and supporting legal authority that could have otherwise been brought to the Court's attention earlier. The Trusts rather relied on this Court's exercise of concurrent jurisdiction in a prior line of cases to focus on the merits of the lien claim and preemption issue. As such, the outcome of this particular matter remains consistent with the law of this Circuit and does not act to conclusively bar future claimants under RCW § 39.08 and 60.28 as the Trusts contend.

1     Finally, the Court declines to issue a stay pending the outcome of the Washington
2 Supreme Court's decision. "[A] judgment or non-interlocutory administrative order becomes
3 final for res judicata purposes at the beginning, not the end, of the appellate process, although res
4 judicata can still be defeated by later rulings on appeal." *Lejeune v. Clallam County*, 64
5 Wash.App. 257, 266 (1992). If the Washington Supreme Court overrules its prior holding in
6 *Trig*, thereby permitting the Trusts to move forward with their lien claims in state court, the
7 stayed action pending here would be duplicative nonetheless.

8     Having considered Plaintiffs' motion and the remainder of the record, and for all of the
9 reasons set forth above, the Court hereby DENIES Plaintiff's motion for reconsideration (Dkt. #
10 51). The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

11     Dated this 3 day of September 2013.

                                              RICARDO S. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE