UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT SCAFFOLD, INC., *et al.*, <br><br> Defendants. | CASE NO. C12-1252RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS |

## I.   INTRODUCTION

This matter comes before the Court on the Individually-Named Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2). (Dkt. #75). Defendants Daniel Johnson and James Johnson argue that this Court lacks personal jurisdiction over them, either general or specific, because their contacts with Washington do not approximate physical presence in this State, they have not purposefully directed activity to the State of Washington and the exercise of jurisdiction would be unreasonable. Plaintiffs oppose the motion, arguing that Defendants have sufficient contact with this State such that the exercise of jurisdiction is proper and reasonable. For the reasons set forth below, this Court disagrees with Plaintiffs, and GRANTS Defendants' motion to dismiss.

ORDER
PAGE - 1

## II.   BACKGROUND

This matter arises from Defendants' alleged failure to pay certain funds withheld from paychecks into required trust funds.  Dkt. #64 at ¶ ¶ 4.1-4.12.  Defendant Paramount Scaffold Inc. is a now defunct entity, it having filed for Chapter 11 bankruptcy and sold all assets to Defendant California Access Scaffold, Inc.  *Id.* at ¶ 3.27 and Dkt. #75 at ¶ 3.18.  With respect to the individual Defendants, Plaintiffs allege that while Paramount Scaffold was still operating, Daniel Johnson was a principal owner of the company and acted in the capacity of President, Secretary and Chairman.  Dkt. #64 at ¶ 3.28.  They further allege that James Johnson was also a principal owner of Paramount, and acted in the capacity of Vice President and Treasurer.  Dkt. #64 at ¶ 3.29.  Plaintiffs assert that while acting in their official capacities at Paramount, the Johnsons withdrew funds from employee paychecks that were to be paid to the Plaintiff Trust Funds on a monthly basis, but did not tender those funds to the Trusts, and instead used and converted the funds for other purposes.  Dkt. #64 at ¶ 3.32.

## III.   DISCUSSION

**A.  Standard of Review on 12(b)(2) Motion**

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction.  Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff cannot simply rest on the bare allegations of his Complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.  *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff

ORDER
PAGE - 2

needs only make a *prima facie* showing of jurisdictional facts. *Schwarzenegger,* at 800. Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.* A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

   **B.  Personal Jurisdiction**

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.* 95 Wn.App. 462, 465, 975 P.2d 555 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger,* at 800-01.

The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which it has established no meaningful contacts, ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

ORDER
PAGE - 3

Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). General jurisdiction exists over a non-resident defendant when there is "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger,* at 801. In the absence of general jurisdiction, the court may still exercise specific jurisdiction over a non-resident defendant. To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960-61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

Personal jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the forum state and not on the acts and contacts carried out solely in a corporate capacity. Each defendant's contacts with the forum state must be assessed individually. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, 104 S. Ct. 1473, 79 L. Ed. 2d 790 nt.3 (1984); *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). A corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum. *Kransco Manufacturing, Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981); *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir. 1978). Further, a person generally acting as an agent on behalf of a corporation is not individually subject to personal jurisdiction merely based on his actions in a corporate capacity. *TJS Brokerage & Co. v. Mahoney*, 940 F.Supp. 784, 788-89 (E.D. Pa. 1996); *Ali v. District of Columbia*, 278 F.3d 1, 7, 349 U.S. App. D.C. 327 (D.C. Cir. 2002).

ORDER
PAGE - 4

Each defendant's contacts with the forum state must, therefore, be evaluated individually. *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980). Accordingly, Plaintiffs cannot simply impute the contacts of the corporate entity Paramount to the Johnsons for the purpose of establishing personal jurisdiction over them.

   *1. General Jurisdiction*

The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction. The contacts with the forum state must be of a sort that "approximate physical presence." *Bancroft & Masters, Inc.*, 223 F.3d at 1086. Defendants have asserted, and Plaintiffs have not disputed, that the individual Defendants' contacts with the State of Washington do not approximate those necessary to confer general jurisdiction. Dkt. #75 at 8 and Dkt. #79. Thus, general jurisdiction is not at issue here. Accordingly, the Court must examine whether there is specific jurisdiction over the Johnsons.

   *2. Specific Jurisdiction*

In establishing specific jurisdiction, the burden is on the plaintiff to establish the first two prongs – availment of and nexus to activity in the forum state. Then, only if plaintiff has established the first two prongs, defendant can explain how the exercise of jurisdiction is unreasonable. *Schwarzenegger*, 374 F.3d at 802.

   a. Availment

The Ninth Circuit employs different specific jurisdiction tests for the availment prong depending on whether the action sounds in contract or tort. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Courts will apply the "effects test," when the defendant's alleged acts are tortious in nature. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993). In

ORDER
PAGE - 5

order to establish purposeful availment under the "effects test" the plaintiff must demonstrate the existence of (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state. *Panavision*, 141 F.3d at 1322; *Core-Vent Corp.*, 11 F.3d at 1486. A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. *Schwarzenegger*, 374 F.3d at 803.

In this case, the alleged conduct of the Johnsons sound in tort, as they have allegedly engaged in the conversion/defalcation of employee trust funds; therefore, Plaintiffs must establish purposeful availment under the "effects test." However, rather than provide a factual analysis for each of the Defendants, Plaintiffs argue that because officers of a corporation may be personally liable or jointly liable with the corporation under Washington law, jurisdiction is appropriate. Dkt. #79 at 5. Within that legal context they then proceed to discuss Daniel Johnson's alleged actions in his official capacity at Paramount. *Id.* at 5-6. Significantly, they cite to know evidence in the record in support of those assertions. *Id.* In addition, there is no discussion of James Johnson's alleged actions at all. As noted above, Plaintiffs must establish each individual defendant's personal contacts with the forum state and may not simply reply on the acts and contacts carried out solely in a corporate capacity. Plaintiffs have not done so here. As a result, Plaintiffs have failed to satisfy the elements of the "effects test," and therefore fail to establish the availment prong of the personal jurisdiction analysis.

ORDER
PAGE - 6

b. <u>Nexus</u>

The second prong of the specific jurisdiction test is satisfied if Plaintiffs can establish that their cause of action would not have arisen "but for" the Individual Defendants' contacts with Washington. *Panavision*, 141 F.3d at 1320; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiffs fail to satisfy this requirement as well. Assuming the truth of Plaintiffs' allegations of conversion, the claims against the Johnsons would remain regardless of any alleged contacts with Washington. The alleged failure to remit funds to the required Trusts is not dependent upon Washington as the forum state. Plaintiffs have failed to satisfy the "but for" element of specific jurisdiction over the Johnsons.

c. <u>Reasonableness</u>

The third and final prong of the specific jurisdiction test is whether exercising personal jurisdiction over the non-resident Defendants is reasonable. *Ziegler*, 64 F.3d at 474-75. Plaintiff has to establish both the purposeful availment prong and that the claim arises out of defendants forum-related activities and has an effect in the forum before the burden is on Defendants to explain how the exercise of jurisdiction is unreasonable. *Schwarzenegger*, 374 F.3d at 802. Plaintiffs have failed to establish the first two prongs of the specific jurisdiction test. Accordingly, the Johnsons need not establish unreasonableness.

For the reasons set forth above, Plaintiffs have failed to satisfy the elements that would support the exercise of personal jurisdiction over the Johnsons individually. Accordingly, Defendants' motion is GRANTED and they are dismissed as Defendants to this action.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that:

ORDER
PAGE - 7

1) Defendant's Motion to Dismiss (Dkt. #75) is GRANTED and the claims against Daniel Johnson and James Johnson individually are dismissed for lack of personal jurisdiction.

2) The CLERK shall terminate Daniel Johnson and James Johnson as Defendants to this action.

DATED this 12th day of September, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8